**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 09-4880**

—————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

LUCAS CASTE-LOPEZ, a/k/a Hector Villasenor-Rodriguez, a/k/a
Doroteo Malacara-Arango,

            Defendant - Appellant.

—————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (5:08-cr-00115-F-1)

—————

Submitted:  April 1, 2010              Decided:  May 24, 2010

—————

Before TRAXLER, Chief Judge, and WILKINSON and GREGORY, Circuit
Judges.

—————

Vacated and remanded by unpublished per curiam opinion.

—————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. George E. B. Holding, United States Attorney, Anne M.
Hayes, Jennifer P. May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lucas Caste-Lopez appeals the district court's judgment revoking his supervised release and sentencing him to eighteen months' imprisonment. Caste-Lopez argues that his sentence is plainly unreasonable because the district court failed to consider the applicable 18 U.S.C. § 3553(a) (2006) factors and make an individualized assessment based on the facts before it. We agree, and vacate the district court's order and remand for further proceedings.

Because Caste-Lopez has not preserved this issue, it is subject to plain error review. Under the plain error standard, the defendant must show that an error was made, is plain, and affects the defendant's substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009).

This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 439).

2

The district court's discretion is not unlimited. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). The district court commits procedural error by failing to adequately explain the chosen sentence and to provide an individualized assessment based on the facts. Gall v. United States, 552 U.S. 38, 51 (2007). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still 'must provide a statement of reasons for the sentence imposed.'" Thompson, 595 F.3d at 547 (quoting Moulden, 478 F.3d at 657).

The district court procedurally erred when it failed to provide an individualized assessment of the relevant facts in imposing sentence. Other than stating that it "considered the policies and statements in revocation contained in Chapter 7 of the U.S. Sentencing Guidelines," the district court provided no explanation for its eighteen-month sentence. Moreover, the court made no mention of the applicable § 3553(a) factors and did not discuss Caste-Lopez's personal history, his argument in favor of a concurrent sentence, or the Government's argument in favor of a consecutive sentence.

Upon finding this procedural error, our next step under Crudup is to determine whether the sentence is "plainly unreasonable," under the definition of "plain" used in plain-error analysis. Crudup, 461 F.3d at 439. "For a sentence

3

to be plainly unreasonable . . . it must run afoul of clearly settled law." Thompson, 595 F.3d at 548.

"[T]he district court's obligation to provide some basis for appellate review when imposing a revocation sentence, however minimal that basis may be, has been settled in this Circuit since at least Moulden." Id. Accordingly, the district court failed to provide any reasons for its sentence in disregard of clear precedent and was thus plainly unreasonable.

This error, when considered with the district court's incorrect calculation of the Guidelines range,[*] affected Caste-Lopez's substantial rights. Under the plain error standard, Caste-Lopez has the burden of showing that the procedural errors had a prejudicial effect on the sentence imposed. See Puckett v. United States, 129 S. Ct. 1423, 1433 n.4 (2009). Considering that the district court sentenced Caste-Lopez at the highest end of what it thought to be the Guidelines range, we conclude a non-speculative basis exists to infer prejudice that "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v.

---

[*] U.S. Sentencing Guidelines Manual, § 7B1.4(a), p.s., provides a sentencing range of eight to fourteen months for a Grade B violation and a category III criminal history, rather than twelve to eighteen months, as stated by the district court.

4

<u>Olano</u>, 507 U.S. 725, 736 (1993) (discussing fourth prong of plain error test).

We therefore vacate Caste-Lopez's sentence and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

5